UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHNNY RAY CHANDLER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-1892 (BAH) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, ECF No. 6. For the reasons stated below, the motion is granted.

I.  BACKGROUND

At all times relevant to the complaint, the plaintiff has been in the custody of the Federal Bureau of Prisons ("BOP") and designated to the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence"). *See* Compl. at 1. According to the plaintiff, in November 2015, he "started experiencing severe depression and O.C.D. relaps[e]." *Id*. at 2. Two psychologists were assigned to treat inmates in the Special Housing Unit where the plaintiff was housed, one of whom, Dr. Kimbel, treated the plaintiff from November 2016 through May 2016. *Id.* After the plaintiff was returned to the general population, he sought counseling from Dr. Mann, the psychologist assigned to the Eco Unit where the plaintiff was housed. *Id*. Even though the plaintiff received "very refreshing counseling" with Dr. Mann, Dr.

Kimbel allegedly ensured that the plaintiff would not see Dr. Mann again. *Id*. at 3. The plaintiff deems Dr. Kimbel's actions "malicious interference" for which he demands judgment against the BOP and Dr. Kimbel in the sum of $50,000. *Id*. at 1.

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request] or if a response is not forthcoming within the time allotted for reply." *Id*. ¶ 5.

The BOP's declarant states that, of the 26 formal requests submitted by the plaintiff between May 19, 2016 and November 1, 2016, *id*. ¶ 7, four pertained to the events described in the complaint, *id*. ¶ 9. Further, the declarant explains that only two of the plaintiff's formal administrative remedy requests reached the Office of General Counsel, *id*. ¶ 8, neither of which pertained to the events described in the complaint. Based on his review of the plaintiff's requests, the declarant concludes that the plaintiff "did not exhaust his remedies as related to complaints against the defendants raised in the present case through the BOP's Administrative Remedy Program." *Id*. ¶ 10.

On June 20, 2016, the plaintiff filed an administrative tort claim "alleging that BOP had failed to provide proper mental health treatment since March 2016." *Id*. ¶ 11; *see* Defs.' Mem., Ex. 1. The BOP acknowledged receipt of the request on July 18, 2016, Kissell Decl. ¶ 12, and it denied the claim on August 18, 2016, *id*. ¶ 13; *see* Defs.' Mem., Ex. 2. The plaintiff filed this

action in the Superior Court of the District of Columbia on June 21, 2016, and the defendants removed the case on September 21, 2016.

On November 21, 2016, the defendants filed the instant dispositive motion.  On November 22, 2016, the Court issued advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by December 21, 2016, the Court would treat the pending dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities).  To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Instead, the plaintiff filed a motion for leave to amend his complaint, ECF No. 9, on January 3, 2017.  The factual allegations set forth in the proposed amended complaint stray far from the subject matter of the initial complaint, however.  If the Court were to allow the amendment, the plaintiff "would radically alter the scope and nature of the case" because the new factual allegations "bear[] no more than a tangential relationship to the original action." *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).  Moreover, in light of the plaintiff's prolific litigation history, *see, e.g., Chandler v. James*, 783 F. Supp. 2d 33, 36 (D.D.C. 2011) (noting that the plaintiff's "legal complaints have been so numerous and so lacking in merit that he is now barred, except in extraordinary circumstances, from filing new lawsuits while in prison without first paying the full amount of any administrative filing fee"), including his filing in the last two years alone of approximately

sixteen separate cases, the Court will not countenance yet another attempt to "circumvent[] the litigation pre-conditions imposed on him by this Court," *Chandler v. Fed. Bureau of Prisons*, No. CV 16-1491, 2017 WL 27930, at *2 (D.D.C. Jan. 3, 2017). Consequently, the Court denies the plaintiff's motion to amend the complaint.

Where, as here, a plaintiff has not heeded the Court's warnings, the Court ordinarily would grant the defendants' motion as conceded. The United States Court of Appeals for the District of Columbia Circuit has recently raised concerns, however, about the use of Local Civil Rule 7(b) to grant unopposed motions to dismiss, *see Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016), and for summary judgment, *see Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507-08 (D.C. Cir. 2016). In light of these rulings, the Court briefly addresses the merits of the defendants' arguments.

## II. DISCUSSION

The plaintiff's demand for monetary damages arises from the defendants' alleged failure to provide mental health treatment and the harm that resulted. The Court treats the claim as one brought under the Federal Tort Claims Act ("FTCA") and accepts the representation that "defendant Neal Kimbel was an employee of the Government and was acting within the scope of his employment for the [BOP] at the time of the allegations stated in Plaintiff's Complaint." Certification, ECF No. 1-2. Further, the Court liberally construes the plaintiff's *pro se* pleading, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and overlooks the plaintiff's failure to name the United States as a party to this action. The Court proceeds as if the plaintiff had brought this action against the United States directly.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206,

212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id.*  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Thus, a claimant may file suit against the United States for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

There are limitations under and exceptions to the FTCA which doom the plaintiff's claim. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and the plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The six-month period within which the BOP was obliged to respond to the plaintiff's FTCA claim had not expired when the plaintiff initiated this lawsuit.  The defendants demonstrate that the plaintiff filed his complaint in the Superior Court prematurely, *see* Kissell Decl. ¶¶ 12-13, and thus failed to exhaust his administrative remedies.

If the Court were to conclude that the FTCA did not apply, the plaintiff's claim still would be subject to dismissal for failure to exhaust the administrative remedies available to him through the BOP's Administrative Remedy Program.  In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting "that . . . a court may not excuse a failure to exhaust, even to take [special] circumstances into account."). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The defendants demonstrate that none of the administrative remedy requests submitted by the plaintiff between May 19, 2016 and November 1, 2016 pertained to mental health treatment the plaintiff allegedly received (or did not receive) at ADX Florence from his preferred psychologist and/or had progressed through the final tier for review by the Office of General Counsel.  *See* Kissell Decl. ¶¶ 7-10.

## III. CONCLUSION

The Court concludes that the plaintiff did not exhaust his administrative remedies under the FTCA because his filed the complaint prematurely, and that he failed to exhaust his administrative remedies under PLRA because he failed to complete all four steps of the BOP's Administrative Remedy Program process. Accordingly, the defendants' motion is granted. An Order is issued separately.

DATE:  January 12, 2017                     /s/ *Beryl A. Howell*

                                                                BERYL A. HOWELL
                                                                Chief Judge